[Civ. No. 4865. First Appellate District, Division One.—August 13, 1924.]

In the Matter of the Guardianship of the Persons and Estates of FRANK DAVIS PRYOR et al., Minors. FRANK D. PRYOR, Appellant, v. MARGARET S. PRYOR, as Guardian, etc., Respondent.

[1] GUARDIAN AND WARD—NOTICE OF PROCEEDING—CONSTRUCTION OF CODE AMENDMENT.—By the amendment in 1921 of section 1747 of the Code of Civil Procedure, dealing with the subject of the appointment of guardians of minors, it became mandatory upon the court to require notice to be given to the parents of the minor, or proof made that their addresses are unknown, or that, for other reasons, notice cannot be given; and while the precise character of notice is not prescribed, it must be "such notice as the court deems reasonable."

[2] ID. — REASONABLE NOTICE — OPPORTUNITY TO APPEAR. — While a reasonable construction of section 1747 of the Code of Civil Procedure does not require that the court must wait upon the convenience of a person residing in a foreign state or moving from point to point beyond its jurisdiction, where the residence of a parent is known, and information as to the pendency of the proceeding can be conveyed to him by mail so that he may appear in the proceeding within a reasonable time, no notice can be called reasonable which *prima facie* must fail to afford him opportunity to so appear.

---

1. See 13 Cal. Jur. 163.

[3] ID. — INSUFFICIENT TIME TO APPEAR — UNREASONABLE NOTICE. —
Where the place of residence of the father is in a sister state,
and the notice of the pendency of the proceeding by the mother
to be appointed guardian of the person and estate of their minor
children, although given in accordance with the order of the
court, has barely time enough to reach him by the day of the
hearing, and leaves him without any opportunity to appear at
the hearing either personally or by counsel, such notice cannot
be regarded as reasonable.

(1) 28 **C. J.**, p. 1083, sec. 63, p. 1084, sec. 66.   (2) 28 **C. J.**,
p. 1085, sec. 66 (Anno.).   (3) 28 **C. J.**, p. 1085, sec. 66 (Anno.).

APPEAL from an order of the Superior Court of the
City and County of San Francisco denying a motion to set
aside an order appointing a guardian. Daniel C. Deasy,
Judge. Reversed.

The facts are stated in the opinion of the court.

Fred B. Mellmann for Appellant.

Orville C. Pratt, Jr., and Geo. F. Jones, for Respondent.

TYLER, P. J.—This is an appeal by Frank D. Pryor,
the father of Frank Davis Pryor and Gaillard Stoney Pryor,
minors, aged seven and five years respectively, from an order
denying his motion to set aside an order appointing re-
spondent, the mother of the children, guardian of their per-
sons and estates, and to permit appellant to file his answer
to the petition for letters of guardianship herein.

The facts are substantially as follows: On February 16,
1923, Margaret S. Pryor filed a petition praying for her
appointment as guardian of the persons and estates of said
minor children. Her petition recited that the children were
residents of the city and county of San Francisco and that
each of them had a small estate, and that it was necessary
that a guardian be appointed. Further recitals were to the
effect that Frank D. Pryor, father of the minors, resided in
Annapolis, in the state of Maryland, and that he had ob-
tained a divorce from petitioner and that the custody of the
children was left with her. She then alleged herself to be a
fit and proper person to be appointed guardian, and prayed
that her application be granted. Thereupon the court be-

low made an order fixing the time and place for the hearing, and directed that notice should be given to certain relatives in San Francisco, and that a copy of the petition be mailed to the father of said minors, at least five days before the hearing thereof, said order reciting that such notice was deemed and found by the court to be reasonable. On the twenty-fourth day of February, 1923, the day set for the hearing, there was filed in said cause an affidavit to the effect that a copy of the petition and notice had been mailed to the father on February 19, 1923. In accordance with the order fixing the time the matter came on regularly for hearing on the twenty-fourth day of February, 1923, and the court made its order appointing Margaret S. Pryor guardian as prayed for. In said order the court found that notice had been given to all relatives of said minors residing in San Francisco, and that a copy of the petition had been mailed to the father at Annapolis at least five days before the hearing. Petitioner thereupon qualified and letters of guardianship were issued to her.

Thereafter, on June 15, 1923, the father, appellant herein, filed a notice of motion for an order vacating and setting aside the order appointing respondent guardian, together with a request that he be permitted to file an answer to the petition, which proposed answer was annexed to his notice of motion. The said notice advised the guardian that the father would move to vacate, annul, and set aside the order of appointment and permit him to contest the petition. In his affidavit accompanying said notice he set forth that at all times mentioned in these proceedings and for a long time prior thereto the affiant was an officer of the United States navy, to wit, a lieutenant-commander, in command of the U. S. S. "Kittery," assigned to active duty as such; that on the day following the date (February 19, 1923) that the copies of the petition and notice of the time fixed for hearing were deposited in the United States postoffice at San Francisco the said U. S. S. "Kittery" sailed from Hampton Roads in the state of Virginia for foreign ports. The movements of said vessel were then by affiant traced and specifically set forth from the date of sailing from Hampton Roads until the return of said vessel to its port of departure on March 15, 1923, and it appeared in said affidavit that from the twen-

tieth day of February, 1923, to the fifteenth day of March, 1923, the U. S. S. "Kittery" was at all times either upon the high seas or in foreign ports, and that through all of said period of twenty-five days the affiant was actually and physically on board said vessel, and that at no time during the said period did the affiant receive any mail or have any information from any source whatever of the filing of said petition for letters of guardianship or of the time or place fixed for the hearing thereof. The affiant further alleged that in the ordinary course of the United States mail first-class mail matter deposited in the United States postoffice on February 19, 1923, would not be received at the postoffice at Annapolis until about the 23d or 24th of February, 1923; and that had he been informed of or had any notice of the filing of said petition he would have appeared in said matter by counsel and would have opposed the granting of the same. Contained in the said affidavit is the statement of affiant that he had fully and fairly stated the facts of the case in said matter, and all the facts pertaining to the guardianship of the persons and estates of said minors, and pertaining to their care, custody, control, maintenance, and education, to his counsel, and that he had by the latter been advised that he had a good and sufficient defense upon the merits to the said petition for letters of guardianship, and that in addition he had been advised by his counsel that good, sufficient, and legal cause existed why the court should not appoint the said Margaret S. Pryor as guardian of the persons and estates of said minors, which advice and information he verily believed.

As hereinbefore stated, said motion was denied, and the appeal is from the order made in that behalf.

In support of the appeal it is urged that the trial court erred in denying appellant's motion to vacate and set aside the order appointing the guardian, said order being void by reason of the failure of the trial court to require notice to be given to the father of said minors as required by the law of this state.

Section 1747 of the Code of Civil Procedure, dealing with the subject of the appointment of guardians, requires that notice must be given to certain persons. [1] Before the amendment of this section in 1921 (Stats. 1921, p. 138), it was only

necessary to give notice to the person having the care of the minor, and to such relatives of the minor residing in the county in which the application was made as the court deemed proper; but by this amendment it became mandatory upon the court to require notice to be given to the parents of the minor, or proof made that their addresses were unknown or that for other reasons notice could not be given. The precise character of notice is not prescribed, but must be "such notice as the court deems reasonable."

It is apparent that the purpose of the legislature in requiring a reasonable notice to be given to the parents of the minor is to enable them to appear in the proceeding. [2] We do not think that a reasonable construction of this provision requires that the court must wait upon the convenience of a person residing in a foreign state or moving from point to point beyond its jurisdiction; and it is not necessary to decide whether the notice must be actual or that constructive notice merely is sufficient; but we are satisfied that where the residence of a parent is known, and information as to the pendency of the proceeding can be conveyed to him by mail so that he may appear in the proceeding within a reasonable time, it is perfectly plain that no notice can be called reasonable which *prima facie* must fail to afford him opportunity to so appear. [3] The time given by the trial court in the case was barely sufficient to apprise the parent of the pendency of the proceeding, assuming that he would receive the notice at his residence in due course of mail, and left him entirely without opportunity to appear either personally or by counsel. Certain relatives of the minors were residing in San Francisco, the place in which the court was sitting, and the same notice was by the court's order directed to be given to them, namely, five days, as to the parent residing several thousand miles away. This would seem to indicate an inadvertence on the part of the court, for, if it regarded that period as reasonable notice to persons located in the immediate vicinity of the place of hearing, it is difficult to see how it could regard the same period as reasonable notice to a person residing at a great distance therefrom. In any event if, as seems indisputable, the purpose of requiring notice is to afford the person entitled to it an opportunity to appear in the proceeding, any notice

not calculated to permit him to do so cannot be regarded as reasonable.

We think it follows that it was the duty of the trial court to grant the appellant's motion to vacate and set aside the order appointing Margaret S. Pryor guardian of the persons and estates of said minors, and to be permitted to file an answer to the petition in that behalf, and that its order denying said motion was erroneous. Said order is therefore reversed.

Knight, J., and St. Sure, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 9, 1924.

All the Justices concurred except Richards, J., who dissented.